**Forest R. Clark, Plaintiff-Appellant, v. William H. Morris, Superintendent, Illinois State Highway Police, and Ross V. Randolph, Director, Department of Public Safety, Defendants-Appellees.**

**Gen. No. 10,942.**

Fourth District.

September 12, 1968.

Rehearing denied October 7, 1968.

Browder, Anthony & Waaler, of Urbana (Jack Waaler, of counsel), for appellant.

William G. Clark, Attorney General of the State of Illinois, of Chicago (John J. O'Toole and Philip J. Rock, Assistant Attorneys General, of counsel), for appellees.

TRAPP, J.

Plaintiff, a member of the Illinois State Highway Police, was suspended for thirty days without pay by order of its Superintendent. By the prayer of a complaint for declaratory judgment, the trial court was requested to declare unconstitutional the statute, chapter 121, § 307.13, Ill Rev Stats 1967, and Rule 9 of the Merit Board of the Illinois State Highway Police, which authorized such order of suspension. The trial court dismissed the complaint and plaintiff appeals.

It is the theory of the complaint, and of this appeal, that the statutory provision and the Rule violate the Illinois and Federal constitutional requirements of due process in that there is no requirement of notice of charges and hearing thereon prior to making such order a suspension. It is urged that this form of discipline

is a punitive measure which deprives plaintiff of a property right in status.

The statutory provision, chapter 121, § 307.13, Ill Rev Stats says:

> "Disciplinary measures prescribed by the Board (Merit Board) may be taken by the Superintendent for the punishment of infractions of the rules and regulations of the division as promulgated by the Department. Such disciplinary measures may include suspension of any State highway policeman for a reasonable period, not exceeding thirty days, without complying with the provisions of Section 14 hereof." (Parenthetical material supplied.)

Such provision is complimented by § 307.14:

> "Except as is otherwise provided in this Act,[1] no State highway policeman shall be removed, demoted or suspended except for cause, upon written charges filed with the Board by the superintendent and a hearing before the Board thereon upon not less than 10 days' notice at a place to be designated by the chairman thereof. At such hearing, the accused policeman shall be afforded full opportunity to be heard in his own defense and to produce proof in his defense. . . ."

The portion of Rule 9 specifically concerned in this proceeding:

> "The Superintendent of State Police may impose the following disciplinary measures without presenting the matter to the Merit Board and without a hearing before the Merit Board:

> "1. Suspend any highway policeman for infractions of the Rules and Regulations of the State Highway

26

Police for any period in his discretion, not to exceed 30 days."

. . . . . .

The statutory scheme provided for the administration of Illinois State Highway Police as provided in chapter 121, Ill Rev Stats, includes (1) § 307.1—The Department of Public Safety shall maintain a division known as Illinois State Highway Police, and its Superintendent shall be appointed by the Governor; (2) § 307.2—The Superintendent shall be responsible for the administration and control of the division and with the approval of the Director of Public Safety, ". . . shall make and adopt rules and regulations for the direction, control, discipline and conduct of the members of the division . . ."; and (3) § 307.3—The Governor, with the advice and consent of the Senate, shall appoint a State Police Merit Board consisting of three members. In brief, the Superintendent and the Director of Public Safety establish the rules of conduct and discipline, while the Merit Board serves as a hearing entity and prescribes disciplinary measures. The statute expressly authorizes suspension as discipline, and expressly finds that suspension for not more than thirty days is a reasonable period. The Rule at issue is in the language of such statute.

■ Due process is compounded of history, reason and the past course of decisions, and is neither an inflexible procedure, nor a technical concept with a fixed content unrelated to time, place and circumstances. The procedures required to provide due process follow determination of the governmental function, as well as the private interest that is affected. Cafeteria Workers v. McElroy, 367 US 886, 6 L Ed2d 1230, 81 S Ct 1743.

■ In the historical development of the policy of recognizing merit in public employment in this State, the

Legislature has consistently authorized suspension without pay for limited periods as an appropriate disciplinary measure, and it has consistently determined that suspension for a period of thirty days, without written charges and hearing, is reasonable. The Legislature has as consistently provided for written charges and hearings where sterner measures of discipline were imposed. We find that while the State Civil Service System, created in 1905, did not provide for suspension, but rather for separation or reduction in rank or pay as discipline, the Legislature did, in 1895, provide for civil service in cities and determined that suspension without pay for a period not to exceed thirty days without a hearing was reasonable. The Cities and Villages Act of 1961 retains the provision in substance, although it does authorize an employee to request a hearing if suspension is for more than thirty days. Chapter 24, § 10–1–18, Ill Rev Stats 1967. The Act of 1911 providing for civil service in park systems, authorized the precise form of discipline, and this statute as amended in 1963 retains the provision with a slight change in language. Chapter 24½, § 91, Ill Rev Stats 1967. The personnel Code for state employees, adopted in 1955, chapter 127, Ill Rev Stats 1967, provides that a Director of Personnel, appointed by the Governor, shall prepare and submit rules to the Civil Service Commission (§ 63b108b15), and specifically requires a rule:

> "For the imposition as a disciplinary measure of suspension from State service without pay for not longer than 30 days. . . ."

Section 63b111 preserves the distinction of requiring written charges and hearing where such suspension is for a period of more than thirty days.

Plaintiff argues, as a comparison, the recent University Civil Service System, which requires a hearing on charges if requested. Chapter 24½, § 38b14 et seq., Ill Rev

28

Stats 1967. This System only provides for discharge or demotion of an employee, and it appears that there was no legislative contemplation of discipline through suspension.

It is here argued that the authority of older cases, that there was no property right in public office or employment, has been modified through decisions of the United States Supreme Court in Wieman v. Updegraff, 344 US 183, 97 L Ed 216, 73 S Ct 215; Slochower v. Board of Education, 350 US 551, 100 L Ed 692, 76 S Ct 637; United States v. Rasmussen, 222 F Supp 430. None of these authorities were concerned with this issue of discipline or internal management of personnel founded upon rules propounded upon the authority of law. Rather they were concerned with the substantial injury suffered by reason of exclusion from public employment by governmental acts which were termed patently arbitrary or discriminatory. Plaintiff also urges the authority of Cafeteria Workers v. McElroy, 367 US 886, 6 L Ed2d 1230, 81 S Ct 1743, and Greene v. McElroy, 360 US 474, 3 L Ed2d 1377, 79 S Ct 1400. These cases are of a parallel nature, but actually concern persons in private, rather than governmental employment, deemed to be affected by the governmental acts. In Greene v. McElroy, supra, the court's conclusion was based upon the fact that there was neither a Congressional Act nor an Executive Order serving as a basis for the revocation of security clearance which was found to deprive the petitioner of his employment as an aeronautical engineer. In Cafeteria Workers v. McElroy, supra, the exclusion was upheld where the governmental action was authorized by Executive Order, despite the fact that the individual was not allowed a hearing.

It is apparent that the Legislature intended, through § 307.14, to provide for notice and hearing prior to discharge, demotion, or suspension for more than thirty days, but recognized in § 307.13 that there are occasions

for discipline by administrative suspension for thirty days or less. Such legislative determination has continued for many years and we cannot say that it is not a rational basis for internal administration.

Plaintiff cites Pickus v. Board of Education, 9 Ill2d 599, 138 NE2d 532, requiring us to find that this suspension involves "some liberty or property rights of the plaintiff." In terms of property right the court determined that there was no violation of due process in failing to provide a hearing where there was no impairment of an existing contract, or denial of earned compensation for services performed. See also Jordan v. Metropolitan Sanitary Dist., 15 Ill2d 369, 155 NE2d 297. These cases, too, relate to exclusion from public employment, rather than to internal administration and discipline. Counsel have cited no cases, and we have found none, which relate to questions of due process in matters of administrative discipline.

Plaintiff argues that individual members of the Highway Police may be subject to repeated suspension for the same charge or charges. In this case plaintiff was served with a notice of suspension by the Superintendent, which specified violations of three rules, identified by number.

The administrative abuse predicted is foreclosed through the decision in People ex rel. Lasser v. Ramsey, 23 Ill App2d 100, 161 NE2d 690 (1959). There, an employee under City Civil Service was suspended for thirty days, returned into service for one day, and again suspended for thirty days. The procedure was repeated. In a mandamus action, the court determined that there was no statutory authority for repeated suspensions upon the same charge, as such would constitute a virtual power of removal contrary to the specific terms of the statute relating to removal.

Plaintiff argues that he asked for a hearing which was denied. Such fact does not appear in the record.

Counsel have not included in this record the rules and regulations relating to procedures whereby faults charged against individuals are brought to the attention of the Superintendent for his action. It is reasonable to conclude that he reviews and acts upon the reports of subordinate authority (cf. chapter 127, § 63b108b15, wherein the Director of Personnel may review suspensions without pay for longer than thirty days). There is no basis for concluding that the Superintendent of the division of Illinois State Highway Police will be arbitrary and unreasonable in his official actions.

Plaintiff argues that suspension without pay is not authorized under chapter 121, § 307.13. While the statute is not as explicit upon this disciplinary measure as other statutes, it would be incongruous to conclude that the Legislature would provide a form of discipline which would propel this Court into conferring that which many individuals might deem a happy boon and a favor, i. e., pay without work. The status of being "without pay" is an incident of suspension. Nolting v. Civil Service Commission, 7 Ill App2d 147, 129 NE2d 236. By the argument here made we would be required to hold that a member of the Highway Police, after a hearing by the Merit Board and an order of suspension for three months, would be entitled to draw his pay during such period.

Although argued in constitutional terms, the provisions in Rule 9 for other forms of discipline are not at issue in this proceeding. Finding no abuse of discretion in the trial court in dismissing the complaint for declaratory judgment, its order is affirmed. Bathe v. Stamper, 75 Ill App2d 265, 220 NE2d 641.

Affirmed.

SMITH, P. J. and CRAVEN, J., concur.