THE PEOPLE, *ex rel.* JOHN I. BLANKS, Plaintiff-Appellee, *v.* C. WILLIAM RUDDELL, Superintendent of the House of Correction of the City of Chicago, *et al.,* Defendants-Appellants.

(No. 54803;

First District—September 24, 1971.

Richard L. Curry, Corporation Counsel of the City of Chicago, (Marvin E. Aspen and Gayle F. Haglund, Assistant Corporation Counsel, of Counsel,) for appellants.

Richard F. McPartlin, of Chicago, for the People.

Mr. JUSTICE DRUCKER delivered the opinion of the court:

Plaintiff filed a complaint praying that a writ of *mandamus* issue to compel defendants to take all steps necessary to expunge his six-day suspension from the records of the House of Correction of the City of Chicago and from the records of the Civil Service Commission and to order defendants to pay his lost salary for the six-day suspension. The trial court ordered that a writ of *mandamus* issue commanding defendants to comply with the relief prayed for in the complaint.

On appeal the issue is whether an employee has a right to seek relief in the courts to invalidate an alleged illegal six-day suspension where the Civil Service Commission in the first instance is without jurisdiction to hold a hearing regarding the suspension.

Plaintiff's complaint for *mandamus* alleges that he was appointed a guard at the House of Correction on January 30, 1958, promoted to acting sergeant in January 1964 and promoted to the rank of captain in June 1964; that during his service he compiled an exemplary record for attendance, punctuality and efficiency; that he received two commendations for outstanding performance in duty; and that he had never been suspended, except for the six-day suspension involved herein.

The complaint also alleges that in April 1968 after a meeting between the Superintendent of the House of Correction and approximately 100 officers, including plaintiff, plaintiff was accused by the Superintendent of "inciting to insurrection" and was orally suspended for 29 days, which attempted suspension was revoked with no loss of work or pay being suffered by plaintiff; that on December 13, 1968, certain inmates at the House of Correction staged a "sit-down" and plaintiff participated with other supervisory personnel in keeping the "sit-down" quiet; that thereafter the Superintendent indicated to plaintiff that plaintiff or someone at his direction had called the newspapers regarding the "sit-down"; that at this time plaintiff informed the Superintendent that he did not call the newspapers nor did he direct anybody to call the media; that on December 14 plaintiff was suspended by the Superintendent for six days for "conduct unbecoming a Staff Officer"; that the Superintendent mailed written notice of the suspension to plaintiff on December 14; and that plaintiff returned to work on December 20, 1968.

The complaint further alleges that at the time of his suspension plaintiff requested a specific reason for his suspension and was told by the Superintendent that he was walking around influencing officers, and that he was carrying a Budget Book across the yard; that plaintiff denied the charges; that he was guilty of no cause warranting his suspension for six days or for any other period of time; that the imposition of the suspension was arbitrary, capricious and unreasonable; that he requested a

hearing before the Civil Service Commission on March 24, 1969, which request was ignored and no hearing was granted; and that as a result of the illegal and arbitrary suspension he suffered loss of salary in the amount of $150.58 and had his employment record tainted.

Defendants' motion to strike and dismiss the complaint was denied. Thereafter, defendants again renewed this motion urging that by reason of Ill. Rev. Stat. 1967, ch. 24, par. 10—1—18, plaintiff was not entitled to relief since his suspension was only for six days. Paragraph 10—1—18 provides in part:

"Nothing in this Division 1 limits the power of any officer to suspend a subordinate for a reasonable period, not exceeding 30 days except that any employee or officer suspended for more than 7 days or suspended within 6 months after a previous suspension shall be entitled, upon request, to a hearing before the civil service commission concerning the propriety of such suspension."

The trial court again denied defendants' motion to dismiss and when defendants stood on their motion, the *mandamus* writ was ordered.

The trial court upheld plaintiff's contention that, since section 19 of Article II of the State constitution provides that every person shall find a ready remedy in the law for injuries and wrongs received, it had the power to compel the expunging of plaintiff's illegal six-day suspension and the payment of lost salary. Plaintiff relies upon *People v. Illinois Toll Highway Commission*, 3 Ill.2d 218. In that case the constitutionality of the State Toll Highway Commission Act, Ill. Rev. Stat. 1953, ch. 121, was attacked. One of the grounds urged was that section 28 making discretionary determinations of the Commission final was unconstitutional, citing section 19 of article II of the State constitution. The court held section 28 constitutional but also stated at page 233: "Recourse to the courts is not denied where bad faith, fraud, corruption, manifest oppression or a clear abuse of discretion enters into the commission's determinations; the presence of any of these conditions will give ready access to the courts."

■■ We do not believe this principle is applicable in the instant case where a statute specifies the remedies and makes no provision for review of suspensions under seven days but grants a civil service hearing for longer suspensions.

In *Heckendorn v. First Nat. Bank*, 19 Ill.2d 190, the court in referring to Section 19 of Article II of the constitution stated at page 194: "Section 19 enunciates a basic policy of jurisprudence that serves both to preserve the rights recognized by the common law and to permit the fashioning of new remedies to meet changing conditions. However, this policy

expression does not authorize us to create a cause of action unknown to the common law in the face of an express statutory prohibition."

We cannot create a cause of action for full judicial review of suspensions under seven days when suspensions for more than seven days only entitle the alleged injured party to a hearing before the Civil Service Commission concerning the propriety of his suspension. Internal discipline is necessary for the efficient and effective administration of government, and this is particularly true of a paramilitary organization such as the guards at the city jail, the police department, etc. The courts cannot properly intrude themselves through judicial proceedings into the discretionary imposition of disciplinary penalties for the minor infractions, classified as such by the statute. Continued abuses of discretion for suspension under seven days by those in charge may be ended by the supervisor's or superintendent's removal from office.

Plaintiffs' argument infers that he was deprived of his right to due process and equal protection of the laws. In *Miller v. City of Tulsa, Okl.*, 353 P.2d 705, plaintiff, a city police officer, argued that his five-day suspension without pay was improper and without authority. Defendants claimed that the authority granted to department heads to suspend employees for a short period of time for minor infractions is necessary for the efficient functioning of the various city departments, for without such authority courts would be called upon to determine the propriety of disciplinary action for every minor infraction. As the court therein found at page 707:

"In C.J.S. Municipal Corporations § 582 b., it is said:

'The proceedings for the suspension of a policeman usually are regulated by constitutional, statutory, or charter provisions, and the prescribed mode must be followed. * * *.

A policeman may be suspended without a hearing where such procedure is authorized by statute, as in the case of suspensions for short periods of time for minor infractions. * * *.

An order suspending a policeman made without a hearing is made in the exercise of administrative power and is not a judgment.'

In State ex rel. Curtis et al. v. Steinkellner et al., 247 Wis. 1, 18 N.W.2d 355, 357, several firemen were suspended for a period of 15 days without a hearing, under statutory provisions of the City of Milwaukee authorizing such suspensions not exceeding thirty days. The court said:

"* * * [w]e conclude that it was within the power of the chief of the fire department to suspend for a period of less than thirty days without giving a trial satisfying the requirements of due process.

\* \* \*. The power of the chief to apply summarily temporary and minor disciplinary measures in case of minor offenses is obviously necessary to the discipline of the department and does not affect a property right of the member so disciplined \* \* \*.'

In *Gray v. City of McKeesport,* 113 Pa. Super. 24, 1 A.2d 834, the Superior Court of the State of Pennsylvania approved a statutory provision authorizing suspension of a police officer for a period of not more than 10 days without hearing and without charges being filed.

We are persuaded to the reasonableness and necessity of administrative rules authorizing suspensions for short periods without notice or hearing, for minor infractions of rules and regulations, and decline to hold that the suspension of plaintiff in the instant case violated plaintiff's constitutional rights."

See also *State ex rel. City of Huntington v. Lombardo,* 143 S.E.2d 535 (W.Va.).

In *Clark v. Morris,* 99 Ill.App.2d 24, plaintiff, a member of the Illinois State Highway Police, was suspended for thirty days without pay by the superintendent. Plaintiff argued that Ill. Rev. Stat. 1967, ch. 121, par. 307.13, and Rule 9 of the Merit Board which authorized such suspensions, violated the Illinois and Federal constitutional requirements of due process since they provided for no notice of charges or a hearing. The court held that the trial court properly dismissed plaintiff's complaint. As the court stated at pages 27-29:

"Due process is compounded of history, reason and the past course of decisions, and is neither an inflexible procedure, nor a technical concept with a fixed content unrelated to time, place and circumstances. The procedures required to provide due process follow determination of the governmental function, as well as the private interest that is affected. *Cafeteria Workers v. McElroy,* 367 US 886, 6 L Ed2d 1230, 81 S Ct. 1743.

In the historical development of the policy of recognizing merit in public employment in this State, the Legislature has consistently authorized suspension without pay for limited periods as an appropriate disciplinary measure, and it has consistently determined that suspension for a period of thirty days, without written charges and hearing, is reasonable.

\* \* \*

It is apparent that the Legislature intended, through § 307.14, to provide for notice and hearing prior to discharge, demotion, or suspension for more than thirty days, but recognized in § 307.13 that there are occasions for discipline by administrative suspension for thirty days or less. Such legislative determination has continued for many years and

we cannot say that it is not a rational basis for internal administration." ■■ In the instant case we find that the suspension imposed upon plaintiff did not violate his constitutional rights.

The judgment of the trial court ordering that a writ of *mandamus* issue directing defendants to expunge from the records plaintiff's suspension and paying plaintiff the salary lost by reason of said suspension is reversed.

Judgment reversed.

ENGLISH, P. J., and LORENZ, J., concur.