DAVID R. SCOTT, Plaintiff-Appellant, v. THE ILLINOIS STATE POLICE MERIT BOARD *et al.*, Defendants-Appellees.

First District (4th Division)   No. 1—90—2840

Opinion filed November 21, 1991.

Thomas F. McGuire & Associates, Ltd., of Long Grove, for appellant.

Roland W. Burris, Attorney General, of Springfield (Rosalyn B. Kaplan, Solicitor General, and John E. Morrissey, Assistant Attorney General, of Chicago, of counsel), for appellees.

JUSTICE McMORROW delivered the opinion of the court:

Plaintiff, Master Sergeant David Scott (Scott), a member of the Department of State Police (the Department), appeals from the order of the circuit court denying Scott's petition for administrative review of the decision of the Illinois State Police Merit Board (the Board) which dismissed Scott's petition for review of his three-day disciplinary suspension. Scott contends that (1) he was denied due process and equal protection by the Board's dismissal of his petition for review of his suspension; (2) the Board erred in deciding that there was no substantial basis for a hearing on the suspension; and (3) the Board violated the Open Meetings Act (Ill. Rev. Stat. 1987, ch. 102, par. 41 *et seq.*) by the manner in which it reached its decision to deny Scott's petition.

On August 31, 1989, the Deputy Director of the Department notified Scott of his decision to impose a three-day suspension without pay for certain violations by Scott of Department rules and regulations on January 31, 1989. On September 8, 1989, Scott petitioned the Board for review of the disciplinary action. On September 18, the

Board posted a public notice at its Springfield office that it would conduct a meeting by teleconference call on September 20 to discuss Scott's petition for review of his suspension.

On September 20, 1989, the teleconference was held, and, according to the minutes, after discussion of the matter, the Board unanimously voted to deny Scott's petition for review. Scott was notified, in a letter dated September 20, that the Board had unanimously decided to uphold the Deputy Director's decision to suspend Scott for three days and dismiss his petition for further review.

Scott filed a complaint seeking administrative review of the Board's decision and charged the Board with violating the Open Meetings Act. On September 14, 1990, after briefing and argument by the parties, the circuit court ruled that Scott's constitutional rights were not violated by the Board's actions or its decision to deny his petition for review. The court thus dismissed Scott's complaint, and this appeal followed.

OPINION

■ Scott first contends that he was denied his constitutional rights to due process and equal protection by the Board's refusal to grant him a hearing on his three-day suspension. Matters relating to discipline of State police officers are governed by sections 13 and 14 of the State Police Act (Ill. Rev. Stat. 1987, ch. 121, par. 307.13, 307.14) (the Act). Section 13 provides in pertinent part:

"Disciplinary measures prescribed by the Board *** may be taken by the Director *** for the punishment of infractions of the rules and regulations *** as promulgated by the Department. Such disciplinary measures may include suspension of any such officer for a reasonable period, not exceeding 30 days.

Any officer so suspended, within 10 days after suspension, may petition the Board in writing to review the suspension, and upon the filing of such petition with the Board, the Board shall within a reasonable amount of time, but no later than 30 days after the date of request for review set the written petition for hearing before the Board upon not less than 10 days' notice at a place to be designated by the chairman [of the Board]. *** The Board may, by unanimous decision, dismiss the petition if it has determined that there is no substantial basis for its review of the suspension." (Ill. Rev. Stat. 1987, ch. 121, par. 307.13.)

Section 14 governs discharges, demotions and suspensions in excess of 30 days.

Scott urges that we declare section 13 to be unconstitutional because it does not afford him his due process rights of notice and an opportunity to be heard. He also argues that section 13 denies him equal protection under the law because statutes governing county and municipal law enforcement officers contain the due process protections absent from section 13 of the Act.

We have examined the statutes referred to by Scott and find his assertion that they afford greater due process protections than section 13 provides to him to be incorrect. Section 10—1—18(a) of the Illinois Municipal Code, which applies in municipalities of 500,000 or more inhabitants, provides:

"Except as hereinafter provided *** no officer or employee in the classified civil service *** may be removed or discharged, or suspended for a period of more than 30 days, except for cause upon written charges and after an opportunity to be heard in his own defense. *** Nothing in this Division 1 limits the power of any officer to suspend a subordinate for a reasonable period, not exceeding 30 days except that any employee suspended for more than 5 days or suspended within 6 months after a previous suspension shall be entitled, upon request, to a hearing before the civil service commission concerning the propriety of such suspension." (Ill. Rev. Stat. 1989, ch. 24, par. 10—1—18(a).)

Section 10—1—18(b) of the Municipal Code (Ill. Rev. Stat. 1989, ch. 24, par. 10—1—18(b)), applicable to cities of 500,000 or fewer inhabitants, contains nearly identical language concerning hearings for suspensions exceeding five days, as does section 10—2.1—17 (Ill. Rev. Stat. 1989, ch. 24, par. 10—2.1—17), which applies in municipalities with fewer than 5,000 inhabitants and those between 5,000 and 250,000 population which are not subject to section 10—1—18(b).

Section 3—7011 of the Counties Code provides that Cook County sheriff's officers may be suspended for a reasonable period up to 30 days without compliance with section 3—7012, which requires written charges and a hearing in cases of removal, demotion or suspensions exceeding 30 days. See Ill. Rev. Stat. 1989, ch. 34, pars. 3—7011, 3—7012.

In *Wagner v. Kramer* (1985), 108 Ill. 2d 413, 484 N.E.2d 1073, the court, citing *Kropel v. Conlisk* (1975), 60 Ill. 2d 17, 322 N.E.2d 793, stated that the public policy of this State has generally required some form of review of suspensions, and that if a statutory provision authorizing summary suspension for a period of 30 days or less is to survive constitutional attack on due process and equal protection

grounds, it must provide for some type of review of such suspensions. In holding that some method of review of suspensions was required to be provided by the former Sheriff's Merit System Act (Ill. Rev. Stat. 1983, ch. 125, par. 163), the court observed that the Illinois Municipal Code provisions quoted above and section 13 of the State Police Act, the provision at issue here, all provide for a right to a review of an order of suspension.

Neither *Wagner* nor *Kropel* held that an officer suspended for 30 days or less is entitled, either constitutionally or under the public policy of Illinois, to a hearing on the suspension. The supreme court has specifically held that all that is required is "some method of review" for disciplinary suspensions of 30 days or less which, as the *Wagner* court expressly noted, section 13 accords by way of a petition to the Board.

■ Moreover, none of the statutes governing Scott's counterparts in county and municipal law enforcement provide for a hearing on a suspension of five days or less. Scott was suspended for three days. Thus, contrary to Scott's argument, he would not have greater rights to a review of his suspension if he were a county or municipal officer than are afforded him under section 13. Consequently, Scott's argument that the dismissal of his request for a trial-like hearing before the Merit Commission of the State Police deprived him of equal protection under the law must fail.

Under the same reasoning and on the same authority, we reject Scott's argument that the absence of requirements in section 13 for notice and an opportunity to be heard at a hearing violates his due process rights. Once again, we note that in *Wagner*, the court stated that "some method of review" must be provided to satisfy due process requirements, and that the court observed that section 13 does provide for a right of review.

Additionally, however, section 13 was specifically found not to be violative of due process rights in *Clark v. Morris* (1968), 99 Ill. App. 2d 24, 240 N.E.2d 515. In *Clark*, the plaintiff, a member of the Illinois State Highway Police, was suspended for 30 days. He appealed from the dismissal of his complaint for a declaration that section 13 was unconstitutional on the ground that the absence of any requirement of notice and a hearing on the charges underlying the suspension constituted a deprivation of due process.

The *Clark* court initially noted that due process is not an inflexible, technical concept with a fixed content unrelated to time, place and circumstances, and that in cases of disciplinary suspensions, the "procedures required to provide due process follow determination of

the governmental function, as well as the private interest that is affected." (99 Ill. App. 2d at 27.) Citing numerous statutes governing various public employees, the court observed that the legislature has consistently authorized suspensions for limited periods as appropriate disciplinary measures and has determined that a suspension of up to 30 days without written charges and a hearing is reasonable. The *Clark* court stated this legislative decision has a rational basis in internal administration and discipline in public employment. Thus, the court ruled that the absence of any requirement for notice and a hearing on suspensions of 30 days or less did not violate State or Federal requirements of due process.

In *People ex rel. Blanks v. Ruddell* (1971), 1 Ill. App. 3d 662, 274 N.E.2d 835, a municipal jail guard suspended for six days challenged the constitutionality of a former version of section 10—1—18(a), quoted earlier, of the Illinois Municipal Code which provided for notice and hearing only when the suspension exceeded seven days (now five). The defendants argued that the power of department heads to suspend employees for short periods of time for minor infractions without notice and a formal hearing is necessary for the efficient and effective functioning and administration of governmental departments. The *Blanks* court agreed, citing *Clark* and other authorities, and held that the absence of any provision in the statute for review by a hearing of suspensions under seven days did not violate the plaintiff's due process rights.

█ In this case, Scott was suspended for three days. He filed with the Board a timely petition for review, as permitted by section 13. And, in accordance with the procedures set out in section 13, the five-member Board considered the petition in which Scott presented a brief explanation of his version of the events relative to the alleged infractions and his denial of any wrongdoing. After discussion of the matter, the Board unanimously decided to uphold the suspension and dismiss Scott's petition for further review. Thus, Scott was accorded the opportunity for review of his suspension as is required under constitutional principles and the public policy of Illinois. *Wagner v. Kramer* (1985), 108 Ill. 2d 413, 484 N.E.2d 1073; *Kropel v. Conlisk* (1975), 60 Ill. 2d 17, 322 N.E.2d 793; *Clark v. Morris* (1968), 99 Ill. App. 2d 24, 240 N.E.2d 515.

Scott alternatively contends that the Board erred in ruling that there was no "substantial basis" for review of his suspension. He argues that without a hearing, which he requests we grant him, the Board did not have sufficient reliable data to reach that conclusion.

It is well settled that findings of an administrative agency on questions of fact are considered *prima facie* true and correct (Ill. Rev. Stat. 1989, ch. 110, par. 3—110) and will not be disturbed on judicial review unless they are contrary to the manifest weight of evidence. (*Piotrowski v. State Police Merit Board* (1980), 85 Ill. App. 3d 369, 406 N.E.2d 863.) A decision is against the manifest weight of the evidence if an opposite conclusion is clearly evident from the record. *Sheehan v. Board of Police & Fire Commissioners* (1987), 158 Ill. App. 3d 275, 509 N.E.2d 467.

■ Although there was no hearing in this case, the record contains the written notice to Scott of his three-day suspension in which Scott was advised by the Deputy Director, William O'Sullivan, that O'Sullivan had reviewed the reports and statements concerning Scott's conduct on the day in question, and had conferred with Scott's commanding officers regarding their evaluation of that conduct. O'Sullivan also noted that in July 1989, Scott had appeared before and made statements to the Disciplinary Review Commission concerning the matter, and that he, O'Sullivan, had thoroughly reviewed those statements. O'Sullivan then advised Scott which rules had been violated and by what misconduct on Scott's part. The record does not contain any memorialization of what transpired during Scott's meeting with the Disciplinary Review Commission. In light of his arguments, however, it must be presumed that the statements he made were in his own defense. Further, his petition to the Board for review of the suspension contained, as noted earlier, a brief statement of his version of the events on which the suspension was based and his denial of any wrongdoing.

Based on the above, it does not appear that Scott's suspension was either summarily imposed by the Deputy Director or arbitrarily upheld by the Board without any opportunity for Scott to be heard. Thus, we cannot say that the Board's decision was contrary to the manifest weight of the evidence, *i.e.*, that an opposite conclusion was clearly evident from the record.

■ Neither do we agree with Scott's conjecture that our affirmance of the Board's decision will serve as encouragement for the Board to dismiss any petition for review with the conclusory statement that the Board finds no substantial basis for review of the suspension. As was recognized in *People ex rel. Blanks v. Ruddell* (1971), 1 Ill. App. 3d 662, 274 N.E.2d 835, courts cannot intrude into every discretionary imposition of disciplinary penalties for minor infractions of agencies' rules; however, repeated abuses of discretion in the imposition and upholding of unwarranted suspensions would serve as the

basis for the removal of persons in charge from their positions of authority.

■ Finally, Scott contends that the Board violated the Open Meetings Act (Ill. Rev. Stat. 1989, ch. 102, par. 41 *et seq.*) by ruling on his petition for review by way of a teleconference call. He argues that the teleconference meeting contravened public policy, as expressed in section 1 of the Open Meetings Act, that such deliberations should be conducted openly. We disagree.

First, nothing in section 13 requires that the Board conduct an open meeting. It simply requires that the Board "shall *** no later than 30 days after the date of request for review set the written petition for hearing before the Board upon not less than 10 days' notice at a place to be designated by the chairman." (Ill. Rev. Stat. 1987, ch. 121, par. 307.13.) Here, the petition was filed September 8, 1989, and notice was posted on September 18, at the Board's office, that it would conduct "a special meeting via telecommunication conference on Wednesday, September 20, 1989, at 9 a.m. [at the Board's office in Springfield] to discuss disciplinary action for Master Sergeant David Scott." The Board's actions were in compliance with the requirements of section 13.

Further, section 2 of the Open Meetings Act does not prohibit:

> "any body covered by this Act from holding closed meetings to consider information regarding appointment, employment or dismissal of an employee or officer or to hear testimony on a complaint lodged against an employee or officer to determine its validity." (Ill. Rev. Stat. 1989, ch. 102, par. 42.)

Here, the Board met to discuss the evidence relating to Scott's suspension for conduct alleged by Scott's superiors and found by the Deputy Director to have constituted violations of Department Rules warranting discipline. The meeting therefore fell within the above exception to the Open Meetings Act. See, *e.g., Ealey v. Board of Fire & Police Commissioners* (1989), 188 Ill. App. 3d 111, 544 N.E.2d 12.

For the reasons stated, the order of the circuit court denying plaintiff's petition for review of the Board's decision is affirmed.

Affirmed.

JIGANTI, P.J., and JOHNSON, J., concur.