THOMAS SPRAGUE, Plaintiff-Appellee, v. THE CITY OF MARION *et al.*, Defendants-Appellants.

Fifth District   No. 5—95—0761

Opinion filed September 5, 1996.

Winters, Brewster, Crosby & Patchett, and Garrison & Garrison, of Marion, for appellants.

John R. Roche, Jr., of Countryside, for appellee.

JUSTICE WELCH delivered the opinion of the court:

On July 19, 1994, Officer Thomas Sprague, plaintiff, was suspended for three days without pay by defendant Ron Swafford, the chief of police for the Marion police department. On that date, Swafford sent a letter to Sprague informing him of this action.

On July 21, 1994, Sprague sent a letter to defendant Ron Gregory, the chairman of the City of Marion Police and Fire Merit Commission (Merit Commission). The letter stated in part, "I wish to respectfully notify you and the Merit Commission of a formal contestment to [the suspension]." Copies of this letter were sent to Ron Swafford and Commissioner David Hancock. Sprague considered this letter to sufficiently notify the board that he was appealing the suspension and requesting a hearing. However, neither Gregory nor Swafford considered this letter to be an appeal or a request for a hearing. No further action was thus taken by the Board of Police and Fire Commissioners concerning Sprague's suspension.

On September 2, 1994, Sprague's attorney wrote a letter to Swafford indicating that because no hearing was commenced within 30 days of Sprague's appeal, according to section 10—2.1—17 of the Illinois Municipal Code (65 ILCS 5/10—2.1—17 (West 1992)), the suspension was null and void.

On September 12, 1994, the City of Marion Police and Fire Merit Board (Board) scheduled a hearing for September 19, 1994. Sprague did not attend the hearing on advice of his counsel but filed a complaint with the circuit court of Williamson County for a declaratory judgment and injunctive relief, alleging that the Board no longer had jurisdiction, could no longer assert jurisdiction, and was required to restore Sprague's lost wages and seniority and remove any reference of this incident from his personnel file. A hearing was conducted on September 19, 1994, in the absence of Sprague. At the hearing, the Board reviewed the suspension and sustained the previous decision of the police chief to suspend Sprague for three days.

On May 8, 1995, the circuit court of Williamson County conducted a bench trial. The central dispute at trial was whether the letter sent by Sprague on July 21, 1994, sufficiently requested a hearing. On September 27, 1995, the circuit court of Williamson County found that Sprague's letter was sufficiently clear to be considered a request for a formal hearing, that the Merit Commission should have set a hearing upon the receipt of the request, and that because no hearing was set within 30 days of the request the Merit Commission lost jurisdiction to review the suspension. The court held that the suspension must therefore be vacated.

■ Defendants appeal the circuit court's decision, raising the issue of whether a hearing was required and, if so, whether it was untimely under the facts of this case. Both parties agree that section 10—2.1—17 of the Illinois Municipal Code is the controlling statute in this case. In pertinent part, the statute states:

"Removal or discharge—Investigation of charges—Retirement.

Except as hereinafter provided, no officer or member of the fire or police department of any municipality subject to this Division 2.1 shall be removed or discharged except for cause, upon written charges, and after an opportunity to be heard in his own defense. If the chief of the fire department or the chief of the police department or both of them are appointed in the manner provided by ordinance, they may be removed or discharged by the appointing authority. In such case the appointing authority shall file with the corporate authorities the reasons for such removal or discharge, which removal or discharge shall not become effective unless confirmed by a majority vote of the corporate authorities. The board of fire and police commissioners shall conduct a fair and impartial hearing of the charges, to be commenced within 30 days of the filing thereof, which hearing may be continued from time to time. In case an officer or member is found guilty, the board may discharge him, or may suspend him not exceeding 30 days without pay. The board may suspend any officer or member pending the hearing with or without pay, but not to exceed 30 days. If the Board of Fire and Police Commissioners determines that the charges are not sustained, the officer or member shall be reimbursed for all wages withheld, if any. In the conduct of this hearing, each member of the board shall have power to administer oaths and affirmations, and the board shall have power to secure by its subpoena both the attendance and testimony of witnesses and the production of books and papers relevant to the hearing.

* * *

*Nothing in this Section shall be construed to prevent the chief of the fire department or the chief of the police department from suspending without pay a member of his department for a period of not more than 5 calendar days,* but he shall notify the board in writing of such suspension. Any policeman or fireman so suspended may appeal to the board of fire and police commissioners for a review of the suspension within 5 calendar days after such suspension, and upon such appeal, the board may sustain the action of the chief of the department, may reverse it with instructions that the man receive his pay for the period involved, or may suspend the officer for an additional period of not more than 30 days or discharge him, depending upon the facts presented." (Emphasis added.) 65 ILCS 5/10—2.1—17 (West 1992).

Sprague argues on appeal that this statute entitles him to a hearing on his suspension which must be conducted within 30 days. We note, however, that this statute only mentions the opportunity of a hearing in the context of the first paragraph when discussing the removal or discharge of an officer, and it does not mention the opportunity of a hearing in the last paragraph, which deals with suspensions of less

than five days. Sprague argues that this is a distinction without a difference and that the statute entitles him to a hearing within 30 days. We disagree.

Although not cited by either party on appeal or in the trial court, our court's ruling in *Scott v. Illinois State Police Merit Board*, 222 Ill. App. 3d 496 (1991), offers some guidance in this area. In *Scott*, the plaintiff, a member of the Department of State Police, was suspended for three days. *Scott*, 222 Ill. App. 3d at 497. He petitioned the board for a review of this disciplinary action. *Scott*, 222 Ill. App. 3d at 497. The board conducted a meeting by teleconference call, discussed the matter, and unanimously voted to deny Scott's petition for further review and uphold the decision to suspend Scott. *Scott*, 222 Ill. App. 3d at 498. Scott appealed, contending that section 13 of the State Police Act (Ill. Rev. Stat. 1987, ch. 121, par. 307.13) was unconstitutional in that it denied his constitutional rights to due process and equal protection because it allowed the board to dismiss his petition without a hearing. *Scott*, 222 Ill. App. 3d at 498. Our supreme court had noted that section 13 of the State Police Act should be considered *in pari materia* with section 10—2.1—17 of the Illinois Municipal Code. *Kropel v. Conlisk*, 60 Ill. 2d 17, 25 (1975).

This court then examined section 13 of the State Police Act, which governs matters relating to the discipline of State Police officers. Section 13 states in pertinent part: "Any officer so suspended *** may petition the Board in writing to review the suspension. *** The Board may, by unanimous decision, dismiss the petition if it has determined that there is no substantial basis for its review of the suspension." Ill. Rev. Stat. 1987, ch. 121, par. 307.13. Scott argued that this provision denied his constitutional rights to due process and equal protection and that other statutes governing county and municipal law enforcement officers, including section 10—2.1—17 of the Illinois Municipal Code, contained due process protections absent from section 13 of the State Police Act. *Scott*, 222 Ill. App. 3d at 499. This court found that the statutes cited by Scott did not afford him greater due process protection, and in fact, this court specifically stated, "[N]one of the statutes governing Scott's counterparts in county and municipal law enforcement provide for a hearing on a suspension of five days or less." *Scott*, 222 Ill. App. 3d at 500. This court went on to hold that Scott was not entitled, either constitutionally or under the public policy of Illinois, to a hearing on his three-day suspension. *Scott*, 222 Ill. App. 3d at 500.

In reaching its decision, this court also examined the supreme court's decision in *Wagner v. Kramer*, 108 Ill. 2d 413, 419 (1985), which cited *Kropel v. Conlisk*, 60 Ill. 2d 17 (1975). This court noted

that the supreme court has specifically held that all that is required is "some method of review" for disciplinary suspensions of 30 days or less. *Scott*, 222 Ill. App. 3d at 500. We are aware of no law or policy which entitles an officer to a hearing for a three-day suspension, and Sprague cites to none. In addition, other cases have held that suspensions for limited periods of up to 30 days without written charges and a hearing are reasonable. *Clark v. Morris*, 99 Ill. App. 2d 24 (1968); *People ex rel. Blanks v. Ruddell*, 1 Ill. App. 3d 662 (1971).

■ On September 12, 1994, the Board granted Officer Sprague a hearing concerning his suspension. The Board offered Sprague more than what he was entitled to, by granting him an opportunity to attend a hearing. On September 19, 1994, Sprague chose not to attend the hearing on the advice of his counsel. The Board proceeded to conduct a review of the suspension and subsequently sustained it. There were no constitutional rights, statutory rights, or public policies violated by this procedure. There is nothing in the way this procedure was conducted which is contrary to the provisions of section 10—2.1—17.

Sprague further contends that the Board was required to schedule the hearing within 30 days for the Board to retain its jurisdiction. However, this again is deduced from the reasoning that the manner of review granted to those officers removed or discharged also applies to those officers suspended for five days or less. We recognize that when we attempt to ascertain the meaning of a statute, the statute must be read as a whole and all relevant parts must be considered. *Fredericks v. Liberty Mutual Insurance Co.*, 255 Ill. App. 3d 1029, 1036 (1994). However, statutes should not be interpreted so as to render a word or clause meaningless or superfluous. *Price v. Board of Fire & Police Commissioners*, 139 Ill. App. 3d 333, 338 (1985). The beginning of the last paragraph states: "Nothing in this section shall be construed to prevent the chief *** from suspending without pay a member of his department for a period of not more than 5 calendar days ***. Any policeman or fireman so suspended may appeal to the board *** for a review of the suspension ***." 65 ILCS 5/10—2.1—17 (West 1992). This language shows that the legislature intended to treat a suspension of five days or less different from those situations involving a removal or discharge. As noted earlier, there is nothing in the last paragraph which entitles an officer to a hearing, and we did not create such right. Similarly, there is no mention of a 30-day time limit upon which the board must review an appeal of a suspension of five days or less, and we shall not create one. It is not within the province of the appellate court to inject provisions not found in the statute. *In re Objection of Cook to Referendum Petition of Pierce*, 122 Ill. App. 3d 1068, 1072 (1984).

The facts adduced at trial indicate confusion by the Board as to whether Sprague initially requested an appeal. Sprague did not specifically ask for a review but stated that he was notifying the board of a "contestment," a word currently not found in Webster's Dictionary. Gregory testified that many officers would contest matters, but no formal actions would be taken. Swafford testified that after reviewing the letter, along with a booklet on police disciplinary action, he did not construe the letter to request a review. However, upon receipt of a letter by Sprague's attorney explaining that Sprague's first letter was intended to request an appeal, the Board took immediate action. Within approximately two months after the suspension, the Board conducted a review and reached its decision to sustain Sprague's suspension. This review is not untimely and not violative of the applicable provisions in section 10—2.1—17 of the Illinois Municipal Code.

For the foregoing reasons, we reverse the findings of the circuit court and remand to the court with directions to reinstate the suspension of the plaintiff.

Reversed and remanded with directions.

GOLDENHERSH and KUEHN, JJ., concur.