**NOTICE:** This order was filed under Supreme Court Rule 23 and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

2021 IL App (3d) 210036-U

Order filed November 10, 2021

IN THE

APPELLATE COURT OF ILLINOIS

THIRD DISTRICT

2021

| | | |
|---|---|---|
| JASON PATTERSON, | ) | Appeal from the Circuit Court |
| | ) | of the 10th Judicial Circuit, |
| Plaintiff-Appellant, | ) | Peoria County, Illinois, |
| | ) | |
| v. | ) | |
| | ) | |
| PEORIA COUNTY SHERIFF'S OFFICE | ) | Appeal No. 3-21-0036 |
| MERIT COMMISSION, by its President, | ) | Circuit No. 19-MR-995 |
| Daniel Kern, and Members, Peter Pasquel and | ) | |
| Thomas Kahn and PEORIA COUNTY | ) | |
| SHERIFF, BRIAN ASBELL, PEORIA | ) | |
| COUNTY SHERIFF'S OFFICE, | ) | Honorable |
| | ) | David A. Brown, |
| Defendants-Appellees. | ) | Judge, Presiding. |

JUSTICE WRIGHT delivered the judgment of the court.
Justices Daugherity and Lytton concurred in the judgment.

**ORDER**

¶ 1     *Held*:   The Peoria County Sheriff's Office Merit Commission's discharge ruling is not
                  void due to violations of the Sheriff's Merit System Law or the Open Meetings
                  Act.

¶ 2     Following administrative proceedings before defendant, the Peoria County Sheriff's

Office Merit Commission (Merit Commission), plaintiff, Jason Patterson, was discharged from

his position as a deputy with defendant, the Peoria County Sheriff's Office (Sheriff's Office).

Plaintiff filed a complaint for administrative review in the circuit court of Peoria County, which was denied. The trial court affirmed the Merit Commission's discharge ruling. Plaintiff appeals.

¶ 3                                                  I. BACKGROUND

¶ 4        On May 6, 2019, defendant, Peoria County Sheriff Brian Asbell (Sheriff), filed a complaint with the Merit Commission against plaintiff, a deputy with the Sheriff's Office, for plaintiff's alleged violations of the rules, regulations, and procedures of the Merit Commission. The Sheriff alleged plaintiff's conduct constituted just cause for a discharge ruling.

¶ 5        Before the impending administrative proceedings on the Sheriff's complaint, the president of the Merit Commission posted a meeting notice at the Sheriff's Office.[1] The meeting notice stated, the "Merit Commission will have a closed meeting [in the second-floor classroom at the Sheriff's Office] beginning at 3:30 p.m. on the following dates: October 21st, 22nd, 23rd, 24th, 28th and 29th." The meeting notice indicated, the "[p]urpose of the closed meeting is to hear evidence or testimony presented in a closed hearing and deliberation by commission."[2]

¶ 6        As stated on the posted meeting notice, the Merit Commission convened on October 21, 2019, to adjudicate the allegations contained in the Sheriff's complaint against plaintiff. On that date, the Merit Commission assembled with the following commissioners present: (1) defendant, president, Daniel Kerns; (2) defendant, Thomas Kahn; and (3) defendant, Peter Pasquel. The Merit Commission's first action was the approval of a motion to designate Kerns, Kahn, and Pasquel to "hear the case and receiv[e] evidence for the scheduled hearing." Immediately thereafter, the Merit Commission, by the three present commissioners, approved a second motion

---

[1]The meeting notice was not dated.
[2]The trial court allowed plaintiff to supplement the administrative record with the meeting notice on August 13, 2020, stating "[t]hat [meeting notice] would appear to be part of the administrative record, or should be." The trial court denied plaintiff's request to supplement the administrative record with "emails between attorneys, [which] d[id] not appear to be, in any way, part of the administrative record."

"to go into closed session for the purposes of the appointment, employment, compensation, discipline, performance, or dismissal of specific employees of the public body."

¶ 7    While in closed session over the next week, the parties presented evidence and closing arguments to the Merit Commission. Thereafter, the Merit Commission conducted deliberations in closed session. After the Merit Commission's deliberations, the Merit Commission came back "into open session." President Kerns stated, in open session, "[t]he [Merit] Commission finds that the charges constitute[] just cause for the removal of *** [plaintiff] as an employee of the *** Sheriff's Office." President Kerns called a roll call vote "to make certain that these are indeed the feelings of the [Merit] Commission," after which president Kerns and commissioners Kahn and Pasquel voted "yes." The Merit Commission then immediately adjourned.

¶ 8    On October 28, 2019, the Merit Commission entered a written discharge ruling against plaintiff. In its entirety, the discharge ruling stated:

"Beginning October 21, 2019, the Peoria County Sheriff's Office Merit Commission ('Commission') conducted a disciplinary hearing in relation to charges filed against *** [plaintiff] on May 6, 2019, by *** Sheriff Brian Asbell. The matter was conducted pursuant to Commission rules, ordinances, and applicable statutes. The hearing was conducted by a three-member panel of commissioners, selected from and appointed by the Commission in open session. The panel heard evidence and argument from both parties, each represented by counsel, over the course of five closed session meetings. Following the presentation of evidence and arguments, the panel conducted deliberations in closed session. Following their deliberations, the panel moved into open session on October 28, 2019, to vote on the matter. In open session, the panel

3

unanimously voted to find *** [plaintiff] guilty on all charges. Further, the panel voted unanimously that the charges constituted just cause for the removal of *** [plaintiff] as an employee of the *** Sheriff's Office."

¶ 9 On December 4, 2019, plaintiff filed a complaint for administrative review in the circuit court of Peoria County under the Administrative Review Law (735 ILCS 5/3-101 *et seq*. (West 2018)). Plaintiff alleged, *inter alia*, the Merit Commission was improperly constituted during the administrative proceedings on the Sheriff's complaint. Plaintiff alleged, before the administrative proceedings, one commissioner, Commissioner Tomblin, was not present due to a purported recusal from the case. Another commissioner, Commissioner Criss, was allegedly unable to participate in the administrative proceedings due to out-of-state travel. Plaintiff alleged the term of a third commissioner, Commissioner Kahn, who participated in the administrative proceedings, was expired at the time of the administrative proceedings. As such, plaintiff alleged only two of the three commissioners who participated in the administrative proceedings, Commissioners Kerns and Pasquel, had lawful authority to act. Therefore, plaintiff alleged the Merit Commission, consisting of Commissioners Kerns, Pasquel, and Kahn, held administrative proceedings and issued a discharge ruling without the necessary quorum of three duly appointed commissioners, rendering the discharge ruling void.

¶ 10 On January 3, 2020, the Sheriff and the Merit Commission filed a motion for a specification of errors under section 3-108(a) of the Administrative Review Law (735 ILCS 5/3-108(a) (West 2018)). The motion sought for plaintiff to "specify the errors relied upon in his request for reversal of the ruling made by the Commission." The motion identified particular allegations in plaintiff's complaint for administrative review that were "overly generalized."

¶ 11        On June 18, 2020, the trial court granted the Sheriff and the Merit Commission's motion for a specification of errors and allowed plaintiff "14 days *** to file such." Fourteen days later, on July 2, 2020, plaintiff filed an amended complaint for administrative review. Plaintiff specified the allegations identified in the Sheriff and the Merit Commission's motion for a specification of errors. In addition, plaintiff revised his theory with respect to Kahn's term on the Merit Commission. Plaintiff asserted that Kahn's appointment was invalid, as to prevent the Merit Commission from acquiring a quorum during the administrative proceedings, because the Sheriff appointed Kahn to the Merit Commission "more than thirty (30) days after the expiration of Commissioner Kahn's term and the resulting vacancy in the position." Plaintiff argued, under section 3-8003 of the Sheriff's Merit System Law (55 ILCS 5/3-8003 (West 2018)), the Sheriff lacked the authority to appoint Kahn to the Merit Commission after the expiration of 30 days.

¶ 12        In addition, the amended complaint for administrative review included new allegations under the Open Meetings Act (5 ILCS 120/1.01 *et seq*. (West 2018)). Plaintiff alleged the Merit Commission "failed to call a proper public meeting and failed to post the required notice of the public meeting." As a result, plaintiff alleged the Merit Commission's administrative proceedings illegally occurred in closed session. For all of these reasons, plaintiff asserted that the Merit Commission's discharge ruling was void.

¶ 13        On July 17, 2020, the Sheriff and the Merit Commission filed a motion to bar or dismiss plaintiff's amended complaint for administrative review on the ground that plaintiff, in violation of the trial court's June 18, 2020, order and the Administrative Review Law, raised new substantive claims that were not timely alleged in his original complaint for administrative

5

review.[3] On August 13, 2020, the trial court denied the Sheriff and the Merit Commission's motion to bar or dismiss plaintiff's entire amended complaint for administrative review. Instead, the trial court granted the Sheriff and the Merit Commission's motion only with respect to the claims under the Open Meetings Act. The trial court found those allegations "were not part of the original complaint and therefore d[id] not relate back to the filing of the original complaint." As a result, those allegations were found to be time barred. Further, although the Administrative Review Law "might not contemplate the filing of an amended complaint," the trial court concluded plaintiff's other allegations were amended pursuant to the Sheriff and the Merit Commission's motion for a specification of errors and the trial court's June 18, 2020, order.[4]

¶ 14        On November 23, 2020, the trial court conducted an administrative review hearing. On December 10, 2020, the trial court entered a lengthy order that upheld the Merit Commission's discharge ruling. The trial court denied plaintiff's amended complaint for administrative review of, among other things, Kahn's appointment to the Merit Commission and that public body's alleged lack of a quorum. On January 8, 2021, plaintiff filed a timely notice of appeal.

¶ 15                                    II. ANALYSIS

¶ 16        On appeal, plaintiff submits that the Merit Commission's discharge ruling must be set aside as void on the following grounds: (1) the Merit Commission was invalidly constituted and

_____

        [3]The Sheriff and the Merit Commission previously filed a motion to dismiss plaintiff's original complaint for administrative review under section 2-619 of the Code of Civil Procedure (735 ILCS 5/2-619 (West 2018)). The Sheriff and the Merit Commission sought a dismissal of the allegation that, due to Kahn's expired term and the absence of a quorum, the Merit Commission issued a void discharge ruling. The trial court reserved ruling on this motion to dismiss, stating "[t]hat motion will be heard and decided at the hearing" on plaintiff's complaint for administrative review. However, due to plaintiff's filing of an amended complaint for administrative review in response to the Sheriff and the Merit Commission's motion for a specification of errors, the trial court never ruled on the Sheriff and the Merit Commission's initial motion to dismiss plaintiff's original complaint for administrative review.
        [4]The trial court corrected inadvertent errors contained in its August 13, 2020, order, *nunc pro tunc*, on November 12, 2020.

without a quorum under the Sheriff's Merit System Law, and (2) the Merit Commission violated the Open Meetings Act. Our review of these issues is governed by the Administrative Review Law. See 55 ILCS 5/3-8014 (West 2020); 735 ILCS 5/3-102 (West 2020).

¶ 17    Under the Administrative Review Law, a court's review "extend[s] to all questions of law and fact presented by the entire record." 735 ILCS 5/3-110 (West 2020). However, a court conducting an administrative review cannot receive "new or additional evidence in support of or in opposition to any finding, order, determination or decision of the administrative agency." *Id.* Following trial court proceedings, our court's role is to review the decision of the administrative agency and not the determinations of the trial court. See *Marconi v. Chicago Heights Police Pension Board*, 225 Ill. 2d 497, 531 (2006); accord *FLM Enterprises, LLC v. Peoria County Zoning Board of Appeals*, 2020 IL App (3d) 180634, ¶ 22.

¶ 18    At this juncture, we note that each issue presented by plaintiff was raised for the first time in the trial court. In other words, the issues raised for the first time in the trial court, which are now the subject of this appeal, were not addressed or the subject of contention during the Merit Commission's administrative proceedings. Generally, issues not raised before the administrative agency are waived and cannot be raised for the first time on administrative review in the trial court. See *Arvia v. Madigan*, 209 Ill. 2d 520, 526 (2004) (citing *Texaco-Cities Service Pipeline Co. v. McGaw*, 182 Ill. 2d 262, 278 (1998)); accord *Nykaza v. Department of Employment Security*, 364 Ill. App. 3d 624, 627 (2006). However, as in other contexts, the consequences of waiver and forfeiture are binding on the parties and not necessarily on the courts. See *Maniez v. Citibank, F.S.B.*, 404 Ill. App. 3d 941, 948 (2010). Further, in this case, plaintiff raises separate questions of law pertaining to whether the discharge ruling is void. For this reason, we decline to find that "procedural restraints," such as waiver and forfeiture, are a bar to our review. See *LVNV*

7

*Funding, LLC v. Trice*, 2015 IL 116129, ¶ 38; *Taylor v. Dart*, 2016 IL App (1st) 143684, ¶ 47, *vacated on other grounds* 77 N.E. 3d 86 (concluding the "decision of the [Cook County Sheriff's] Merit Board was void because the Merit Board was illegally constituted at the time of the decision to terminate the plaintiff[]"); *Howe v. Retirement Board of Firemen's Annuity and Benefit Fund of Chicago*, 2013 IL App (1st) 122446, ¶ 32 (reversing the trial court's judgment confirming the decision of the administrative agency and vacating the denial of an application for duty disability benefits, where "[t]he Board never took valid final action under the Open Meetings Act"). In this appeal, our review of those issues is *de novo*. See *Marconi*, 225 Ill. 2d at 532; accord *FLM Enterprises*, 2020 IL App (3d) 180634, ¶ 22.

¶ 19                                A. Construction of the Merit Commission

¶ 20          In this case, the facts surrounding Kahn's service on the Merit Commission are largely undisputed by the parties. The parties submit that Kahn was originally appointed to the Merit Commission on June 1, 2006. However, on that date, Kahn was appointed to a full 6-year term rather than to the unexpired portion of the prior commissioner's term, which was due to expire 4 years later on May 31, 2010. After the expiration of that unexpired term on May 31, 2010, Kahn served a full 6-year term on the Merit Commission, which expired on May 31, 2016. When Kahn's term expired on that date, no action relating to his service on the Merit Commission was immediately taken by the Sheriff or the Peoria County Board. Instead, Kahn apparently served on the Merit Commission with an expired term. This error was not detected by the Sheriff and/or the Peoria County Board until sometime after May 31, 2016. Due to potential issues arising from statutory noncompliance with section 3-8003, the Sheriff reappointed Kahn to the Merit

8

Commission for a full 6-year term, retroactive to June 1, 2016. On December 14, 2017, the Peoria County Board approved the Sheriff's reappointment of Kahn to the Merit Commission.[5]

¶ 21    Now, plaintiff argues Kahn's reappointment to the Merit Commission on December 14, 2017, remained noncompliant with section 3-8003, which deprived the Merit Commission of a quorum during the administrative proceedings and resulted in a void discharge ruling. Due to the passage of more than 30 days after the expiration of Kahn's term on May 31, 2016, plaintiff claims the Chairman of the Peoria County Board, and not the Sheriff, was required to replace or reappoint Kahn to the Merit Commission under section 3-8003.

¶ 22    In response, the Sheriff and the Merit Commission argue, under section 3-8003, "Kahn's position was not vacated mid-term and did not leave an unexpired portion of the term to be filled." Therefore, the Sheriff, and not the Chairman of the Peoria County Board, had the authority to reappoint Kahn under section 3-8003.

¶ 23    Under section 3-8003, initial members of a merit commission are "appointed by the sheriff with the approval of a majority of the members of the county board." 55 ILCS 5/3-8003 (West 2020). Thereafter, "respective successors of the initial members shall be appointed in the same manner as the original appointments for 6 year terms." *Id*. However, "[i]f a vacancy occurs in the office of a commissioner, the sheriff, with the approval of a majority of the members of the county board, shall appoint a suitable person to serve the unexpired portion of that commissioner's term." *Id.* In the event "the sheriff fails to appoint a person to fill the vacancy

---

[5]At oral argument, plaintiff's attorney conceded that the retroactivity of Kahn's appointment did not impact the Merit Commission's administrative proceedings in this case, as those administrative proceedings did not occur within the retroactive period. As such, the retroactivity of Kahn's appointment is not an issue on appeal.

within 30 days, the chairman of the county board shall appoint a person to fill the unexpired portion of the term, with the approval of a majority of the members of the county board." *Id.*

¶ 24　　　　Based on the undisputed facts presented by the parties, we conclude that the Sheriff's appointment of Kahn to the Merit Commission on December 14, 2017, was compliant with section 3-8003. After May 31, 2010, Kahn was no longer serving the unexpired portion of a prior commissioner's term. Instead, after that date, the prior commissioner's unexpired term did, in fact, expire, rendering Kahn eligible for full 6-year terms on the Merit Commission. Kahn, as a successor to an initial member of the Merit Commission, could be appointed "in the same manner as the original appointments for 6 year terms." See *id.* Therefore, on December 14, 2017, the plain language of section 3-8003 clearly granted the Sheriff and not the Chairman of the Peoria County Board with the authority to appoint Kahn to the Merit Commission. See *id.* As of that date, which was nearly two years before the administrative proceedings in this case, the Sheriff and the Peoria County Board clarified the timeline of Kahn's service on the Merit Commission and corrected any perceived noncompliance with section 3-8003.

¶ 25　　　　For these reasons, the Merit Commission was not invalidly constituted or without a quorum during the administrative proceedings in this case, such that the discharge ruling is void.

¶ 26　　　　　　　　　　　　　　　　B. The Open Meetings Act

¶ 27　　　　Plaintiff argues none of the actions taken by the Merit Commission were noticed to the public or taken in open session. According to plaintiff, the Merit Commission's meeting notice, which the trial court allowed to supplement the administrative record on August 13, 2020, demonstrates "the meeting sessions of the [Merit] Commission *** were only conducted as 'closed session' meetings." Plaintiff argues the Merit Commission violated the Open Meetings Act and failed to issue a final administrative decision, rendering the discharge ruling void.

10

¶ 28    Under the Open Meetings Act, "[a]ll meetings of public bodies shall be open to the public unless excepted in subsection (c) and closed in accordance with Section 2a." 5 ILCS 120/2(a) (West 2020). The section 2(c) exceptions "are in derogation of the requirement that public bodies meet in the open, and therefore, the exceptions are to be strictly construed, extending only to subjects clearly within their scope." *Id*. § 2(b). The exceptions "authorize but do not require the holding of a closed meeting to discuss a subject included within an enumerated exception." *Id.*

¶ 29    Under section 2(c)(1), a public body may hold a closed meeting to consider "[t]he appointment, employment, compensation, discipline, performance, or dismissal of specific employees *** including hearing testimony on a complaint lodged against an employee *** to determine its validity." *Id*. § 2(c)(1); see also *Scott v. Illinois State Police Merit Board*, 222 Ill. App. 3d 496, 503 (1991). With respect to the procedure for closing a meeting, section 2a states:

> "A public body may hold a meeting closed to the public *** upon a majority vote of a quorum present, taken at a meeting open to the public for which notice has been given as required by this Act ***. The vote of each member on the question of holding a meeting closed to the public and a citation to the specific exception contained in Section 2 of this Act which authorizes the closing of the meeting to the public shall be publicly disclosed at the time of the vote and shall be recorded and entered into the minutes of the meeting." 5 ILCS 120/2a (West 2020).

Even if a section 2(c) exception applies, "[n]o final action may be taken at a closed meeting." *Id*. § 2(e). Further, there must be "a public recital of the nature of the matter being considered and other information that will inform the public of the business being conducted." *Id*.

11

¶ 30     Here, the meeting of the Merit Commission—*i.e.*, the administrative proceedings on the "employment," "discipline," or "dismissal" of plaintiff—was expressly excepted from the requirement that "[a]ll meetings of public bodies" be open to the public. See 5 ILCS 120/2(a), (c)(1) (West 2020). Further, the Merit Commission complied with the procedures for closing a meeting when each commissioner voted "to go into closed session" after "the specific exception contained in Section 2" of the Open Meetings Act, namely, section 2(c)(1), was quoted on the record. See *id*. §§ 2a, 2(c)(1). Pages 858 to 859 of the administrative record (C 1076 – C 1077) indicate that, at the conclusion of the Merit Commission's administrative proceedings, the Merit Commission went "into open session" and voted to "find[] that the charges constitute[] just cause for the removal of *** [plaintiff] as an employee of the *** Sheriff's Office." As a result, we conclude that the Merit Commission complied with the requirements of the Open Meetings Act.

¶ 31     Contrary to plaintiff's argument in this court, the Merit Commission's public notice, which was posted at the Sheriff's Office before the administrative proceedings, informed the public that there would be "a closed meeting [in the second-floor classroom at the Sheriff's Office] beginning at 3:30 p.m. on the following dates: October 21st, 22nd, 23rd, 24th, 28th and 29th." The public notice stated the purpose of the closed meeting was "to hear evidence or testimony presented in a closed hearing and deliberation by commission." We conclude that the Open Meetings Act's public notice provision did not require the Merit Commission to state there would be brief periods of open session before and after the administrative proceedings occurring in closed session. See 5 ILCS 120/2.02 (West 2020). This circumstance is assumed by section 2a's stringent requirements for entering a closed session and section 2(e)'s requirement that final actions be approved in open session. See *id*. §§ 2a, 2(e).

¶ 32    For these reasons, the Merit Commission's discharge ruling is not void under the Open

Meetings Act.

¶ 33                                III. CONCLUSION

¶ 34    The judgment of the Merit Commission is affirmed.

¶ 35    Merit Commission affirmed.