**Wayne BELL, Plaintiff,**

v.

**ELMHURST CHICAGO STONE COMPANY, Defendant.**

**No. 95 C 5686.**

United States District Court, N.D. Illinois, Eastern Division.

March 12, 1996.

Daniel V. Kinsella, Aberdeen W. Marsh, Burditt & Radzius, Chicago, IL, for plaintiff.

Robert Howard Brown, Clifford Raymond Perry, III, Laner, Muchin, Dombrow, Becker, Levin & Tominberg, Ltd., Chicago, IL, for defendant.

### *MEMORANDUM OPINION AND ORDER*

BUCKLO, District Judge.

Plaintiff, Wayne Bell, has brought suit against defendant, Elmhurst Chicago Stone Company ("Elmhurst"), alleging violations of the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12111 *et seq.,* the Illinois Clean Indoor Air Act ("ICIAA"), 410 ILCS 80/1 *et*

*seq.,* and the Illinois common law of battery. Elmhurst has filed a motion to dismiss the complaint. For the reasons given below, Elmhurst's motion is granted in part and denied in part.

### Background

Wayne Bell was employed by Elmhurst as a dispatcher from 1987 until his discharge in November, 1993. Mr. Bell suffers from asthma, causing him to endure bronchial spasms when exposed to cigarette smoke. His office at Elmhurst, however, was not a smoke-free environment. When Mr. Bell requested accommodation from Elmhurst because his doctor had stated that he was to have "[n]o smoke exposure due to laryngospasm and cough spasms," Elmhurst placed Mr. Bell on a 30–day medical leave of absence. When the 30–day period ended, Mr. Bell was examined by several physicians, all of whom reported that he could return to work. Nevertheless, Elmhurst fired Mr. Bell.

Mr. Bell alleges that Elmhurst violated the ADA by failing to make reasonable accommodations for him and by retaliating against him by firing him. Mr. Bell also alleges that Elmhurst authorized a battery against him by failing to prohibit smoking in his presence. Finally, Mr. Bell alleges that Elmhurst has violated the ICIAA by terminating him when he requested a smoke-free workplace. Elmhurst has not moved to dismiss the ICIAA claim.

### The ADA Claim

Under the ADA, disability means "(A) a physical or mental impairment that substantially limits one or more of the major life activities of such individual; (B) a record of such an impairment; or (C) being regarded as having such an impairment. 42 U.S.C. § 12102(2)." Mr. Bell argues that he fits both the first and third definitions of disability.

First, Mr. Bell contends that his asthma "substantially limits" his ability to breathe and work. If Mr. Bell's asthma "substantially limits" his ability to breathe, he is disabled within the meaning of the ADA. *See* 29 C.F.R. § 1630.2(i) (1995) (defining "major life activities" to include breathing and working). I need not thereafter inquire into whether Mr. Bell's asthma limits his ability to work. 29 C.F.R. pt. 1630 app. § 1630.2(j) ("If an individual is substantially limited in any other major life activity [but working], no determination should be made as to whether the individual is also substantially limited in the major life activity of working."). Because I am considering a motion to dismiss, I need not decide whether Mr. Bell's ability to breathe is "substantially limited," but only whether he has alleged facts sufficient to prove to a jury that his breathing is so limited. *See Gibson v. City of Chicago,* 910 F.2d 1510, 1520 (7th Cir.1990) ("The purpose of a motion to dismiss is to test the sufficiency of the complaint.").

Elmhurst does not really contest that Mr. Bell's asthma may substantially limit his ability to breathe. It instead focuses on whether Mr. Bell's ability to work is substantially limited. Elmhurst properly notes that Mr. Bell's allegation that he is unable to perform his job for Elmhurst is not sufficient to establish a substantial limitation on his working. *See* 29 C.F.R. § 1630.2(j)(3)(i) ("The inability to perform a single, particular job does not constitute a substantial limitation in the major life activity of working."). The EEOC regulations, however, make clear that Mr. Bell need not show that his ability to work is "substantially limited" if his ability to breathe is so limited.[1] Because Elmhurst does not show that Mr. Bell could not prove that his ability to breathe is substantially limited by his asthma, its motion to dismiss Mr. Bell's ADA claim is denied.[2]

### Battery

Mr. Bell also alleges that Elmhurst has committed the intentional tort of battery

---

1. Elmhurst cites *Homeyer v. Stanley Tulchin Associates, Inc.,* No. 95 C 4439 (N.D.Ill.1995), in which Judge Marovich dismissed a claim similar to that of Mr. Bell. Judge Marovich found that the plaintiff in *Homeyer* could not establish that her ability to work was substantially limited by her respiratory problems because she alleged only that she could not perform her own job with the defendant who allowed other employees to smoke. Judge Marovich did not first analyze the limitation on plaintiff's ability to breathe, as I conclude the EEOC regulations dictate.

2. Because I find that Mr. Bell has stated a claim under the ADA based on his alleged substantial limitation of the major life activity of breathing, I

by authorizing his co-workers to inflict their cigarette smoke on him. *Pechan v. Dyna-Pro, Inc.,* 251 Ill.App.3d 1072, 622 N.E.2d 108, 190 Ill.Dec. 698 (2d Dist.1993), is directly on point. In *Pechan,* the plaintiff claimed that, by allowing her coworkers to smoke, the defendant employer was liable for authorizing a battery against her. The court rejected her claim, stating that "[s]moking is a legal activity and not an act of battery because, generally, smokers do not smoke cigarettes with the intent to touch nonsmokers with secondhand smoke." 622 N.E.2d at 118, 190 Ill.Dec. at 708.

Mr. Bell attempts to distinguish *Pechan* by noting that the plaintiff in *Pechan* did not allege "that reasonable persons should have known that their smoke would have contacted [her] in sufficient quantity to reasonably cause the damages claimed." *Id.* Here, Mr. Bell makes this allegation in his complaint. As a federal court addressing this state law claim, I must decide whether the Illinois courts would allow Mr. Bell's battery claim to stand. Although the court in *Pechan* did not expressly rule out any battery claim for secondhand smoke, it noted that "battery hinges on the intent of the employee-smokers." *Id.* at 117, 190 Ill.Dec. at 707. The court also recognized that people do not smoke with the intention of hurting those around them. Mr. Bell's allegation that his co-workers "were aware that [he] had severe bouts of coughing when exposed to smoke" and therefore "reasonable co-workers should have known" that he would be harmed simply does not transform his co-workers' desire to smoke into an intentional tort. Based on the reasoning in *Pechan,* I find that the Illinois courts would not hold that Mr. Bell's allegations state a claim for battery. Accordingly, Count III is dismissed.

### Conclusion

For the reasons stated above, Count III of Mr. Bell's complaint is dismissed.

need not address whether he fits into the other

definitions of disability.