**Wayne BELL, Plaintiff,**

v.

**ELMHURST CHICAGO STONE COMPANY, Defendant.**

**No. 95 C 5686.**

United States District Court,
N.D. Illinois,
Eastern Division.

Feb. 19, 1997.

Daniel V. Kinsella, Aberdeen W. Marsh, Burditt & Radzius, Chtd. Chicago, IL, for Plaintiff.

Robert Howard Brown, Clifford R. Perry, III, Laner, Muchin, Dombrow, Becker, Levin & Tominberg, Ltd., Chicago, IL, for Defendant.

## MEMORANDUM OPINION AND ORDER

BUCKLO, District Judge.

The plaintiff, Wayne Bell, has brought suit against the defendant, Elmhurst Chicago Stone Company ("Elmhurst"), alleging violations of federal and state law. Elmhurst has moved for summary judgment with respect to the state law count. For the reasons given below, the motion is denied.

### Facts[1]

Elmhurst mines and manufactures products from sand, gravel, and limestone. Mr. Bell worked for Elmhurst as a Dispatch Scalehouse Person starting in July 1987. In this capacity, the plaintiff weighed trucks when they were emptied and loaded with material, dispatched truck drivers to Elmhurst's customers, filled out order forms, issued receipts, monitored orders via computer, and spoke to customers over the telephone. Although he worked at several locations, this suit concerns the trailer located at the base of a stone quarry. Mr. Bell shared the trailer with Chuck Worth, Elmhurst's Head Dispatcher, who smoked. The two individuals were approximately ten to fifteen feet apart, and were not separated by a partition. The trailer served as a dispatch office.

Mr. Bell suffered from coughing and choking attacks. The attacks occurred more frequently and lasted longer when Mr. Bell was exposed to smoke. Mr. Bell asserts that, after seeking medical advice for this problem, he requested a smoke-free work environment from Elmhurst.[2] Shortly thereafter, in October 1993, Mr. Bell went on medical leave. In February 1994, the defendant terminated Mr. Bell.

Mr. Bell sued Elmhurst for violating the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12111 *et seq.*, the Illinois Clean Indoor Air Act ("ICIAA"), 410 ILCS 80/1 *et seq.* (West 1993), and the Illinois common law of battery. I have granted the defendant's motion to dismiss the battery count. *Bell v. Elmhurst Chicago Stone Co.*, 919 F.Supp. 308 (N.D.Ill.1996). Elmhurst has moved for summary judgment with respect to the ICIAA count.

---

1. The following are Elmhurst's 12(M) Statement facts admitted by Mr. Bell and Mr. Bell's 12(N)(3)(b) Statement facts. Mr. Bell's 12(N)(3)(b) Statement facts are accepted as true for the purposes of this summary judgment motion. *Yorger v. Pittsburgh Corning Corp.*, 733 F.2d 1215, 1218 (7th Cir.1984).

2. The defendant disputes this.

## Statutory Interpretation

■ Section 4 of the ICIAA provides that "[n]o person shall smoke in a public place." 410 ILCS 80/4. It further provides, however, that "this prohibition shall not apply to factories, warehouses and similar places of work not usually frequented by the general public." *Id.* The defendant argues that it falls under this exemption. This is an exercise in statutory interpretation to be performed by the court. *DeWig v. Landshire, Inc.,* 281 Ill.App.3d 138, 666 N.E.2d 1204, 1206, 217 Ill.Dec. 266, 268 (1996).

■ Elmhurst argues that Mr. Bell's trailer falls under the Section 4 exemption because it is "not usually frequented by the general public."[3] This construction is unacceptable, however, because it renders the words "factories," "warehouses," and "similar" superfluous. *Sprague v. City of Marion,* 283 Ill.App.3d 837, 669 N.E.2d 1339, 1342, 218 Ill.Dec. 813, 816 (1996) ("statutes should not be interpreted so as to render a word or clause meaningless or superfluous"). A place falls under the rubric of "factories, warehouses and similar places of work not usually frequented by the general public" if it is (1) a "factor[y], warehouse[ ] and similar place[ ] of work" and (2) "not usually frequented by the general public." To convey the meaning the defendant attributes to it, the above phrase would have read simply "places of work not usually frequented by the general public." Factories and warehouses are not the only kinds of work places not usually frequented by the general public. Thus, the use of these terms as illustrations means that "places of work" must be "similar" to "factories [and] warehouses." *See Board of Trustees of So. Ill. Univ. v. Department of Human Rights,* 159 Ill.2d 206, 636 N.E.2d 528, 531, 201 Ill.Dec. 96, 99 (1994) (when statute lists several classes of things and list is not exhaustive, "the class of unarticulated ... things will be interpreted as those 'others such like' the named").

■ A factory is "a building or collection of buildings with facilities ... for the manu-facture of goods often from raw materials." Webster's Third New Int'l Dictionary at 813 (1981). A warehouse is "a structure or room for the storage of merchandize or commodities." *Id.* at 2576. Mr. Bell asserts that the trailer was not used for manufacture or warehousing. Rather, the forty feet long, five feet wide, and six feet tall trailer was an office, in which Messrs. Bell and Worth served Elmhurst's customers by, among other things, filling out order forms, issuing receipts, keeping track of orders via computer, and speaking on the telephone.

Elmhurst also contends that because its quarry is an industrial site, analogous to a factory, it falls under the Section 4 exemption. Pursuant to Section 3, a "public place" is "any *enclosed indoor* area ... serving as a place of work." 410 ILCS 80/3(c) (emphasis added). Thus, when Section 4 prohibits smoking in a "public place," but exempts "factories, warehouses and similar places of work not usually frequented by the general public" from the no-smoking requirement, it acknowledges that the above are "enclosed indoor area[s]." By contrast, Elmhurst's quarry is an open air operation.

Even if the defendant's quarry could be successfully analogized to a factory, the ICIAA's focus is not on the overall nature of the defendant's business, but on the physical configuration of the location where the smoking occurs, i.e., "any enclosed indoor area ... serving as a place of work." 410 ILCS 80/3(c). Here, the location is Mr. Bell's trailer, functioning as an office, and the ICIAA specifically prohibits smoking in offices. *Id.*

■ Elmhurst claims that the trailer's industrial location places it within the Section 4 exemption. In other words, an office that happens to be located in a "factor[y], warehouse[ ] and similar place[ ] of work," so long as it is not usually frequented by the general public, is not covered by the ICIAA's prohibitions. Although this reading of the statute is plausible, it is not consistent with the ICIAA's purpose. *Reynolds Metals Co. v. Illinois Pollution Control Bd.,* 108 Ill.App.3d 156, 438 N.E.2d 1263, 1267, 63 Ill.Dec. 900,

---

**3.** Mr. Bell counters that the trailer is usually frequented by the general public. For the fol-lowing reasons, this dispute is immaterial.

904 (1982) (where different interpretations of statute are possible, court must interpret statute to be consistent with its purpose). The purpose of the law is to protect non-smokers from the "annoying, harmful and dangerous" effects of second-hand smoke at their workplaces. 410 ILCS 80/2; 410 ILCS 80/3(c). Factories and warehouses are usually large and spacious enclosures. The larger the space, the weaker the effects of second-hand smoke, particularly with the low concentration of people in the space. An average size office in a factory or a warehouse, by contrast, does not share any of the relevant physical characteristics of the establishment of which it happens to be a part. Therefore, it is arbitrary to fail to extend the ICIAA's coverage to such an office.

 Additionally, the ICIAA specifically exempts "private, enclosed offices occupied exclusively by smokers[,] even though such offices may be visited by nonsmokers" from the definition of "public places" and therefore from coverage. Having specifically excluded one type of office from coverage, the ICIAA does not contemplate other exclusions. *Cie v. Comdata Network, Inc.*, 275 Ill.App.3d 759, 656 N.E.2d 123, 125, 211 Ill.Dec. 931, 933 (1995) ("a statute which specifies one exception to a general rule excludes other exceptions by implication"). Moreover, if there are two potentially applicable provisions within a statute, one general and the other specific, the latter controls. *Cook County Police & Corrections Merit Bd. v. Illinois Fair Employment Practices Comm'n*, 59 Ill. App.3d 305, 376 N.E.2d 11, 13, 17 Ill.Dec. 118, 120 (1978) ("specific provision prevails over the provision designed to apply … generally"). Here, the portion of Section 3 concerning private smokers' offices is specific, while Section 4 exemptions are general. Thus, unless an office is a "private, enclosed office[ ] occupied exclusively by smokers," it is not exempt from the ICIAA. Finally, the ICIAA is a remedial statute. Exemptions from a remedial statute, such as those set forth in Section 4, should be narrowly construed. *Bethania Ass'n v. Jackson*, 262 Ill. App.3d 773, 635 N.E.2d 671, 674–75, 200 Ill.Dec. 332, 335–36 (1994). Accordingly, Mr. Bell's trailer was not, as a matter of law, a "factor[y], warehouse[ ] and similar place[ ]

of work not usually frequented by the general public". It is not, therefore, exempt from the operation of the ICIAA.

## Summary Judgment

Summary judgment is proper when there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. Fed.R.Civ.P. 56(c). The non-moving party avoids summary judgment by coming forward with specific evidence showing that there is a genuine issue for trial. *Celotex Corp. v. Catrett*, 477 U.S. 317, 324, 106 S.Ct. 2548, 2553, 91 L.Ed.2d 265 (1986). A genuine issue of material fact exists when "there is sufficient evidence favoring the nonmoving party for a jury to return a verdict for that party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249, 106 S.Ct. 2505, 2511, 91 L.Ed.2d 202 (1986).

Mr. Bell claims that Elmhurst fired him because he sought to exercise his rights under the ICIAA by requesting smoke-free accommodations. The plaintiff contends that the termination constituted discrimination under Section 9, which provides that "[n]o individual may be discriminated against in any manner because of the exercise of any rights afforded by this Act." 410 ILCS 80/9. The Illinois courts recognize a "private cause of action for damages for section 9 discrimination." *Pechan v. DynaPro, Inc.*, 251 Ill. App.3d 1072, 622 N.E.2d 108, 114–15, 190 Ill.Dec. 698, 704–05 (1993). Since the focus of Elmhurst's summary judgment motion is Section 4, the defendant does not address the issue of discrimination. Mr. Bell presents evidence from which a reasonable factfinder could conclude that Elmhurst fired him because he sought to exercise his rights under the ICIAA. (See Pl.'s 12(N)(3)(b) Statement.) Defendant's motion for summary judgment motion must therefore be denied. *See id.* at 116, 190 Ill.Dec. at 704.

## Conclusion

For the reasons stated above, the defendant's motion for summary judgment is denied.